IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LINDA THOMPSON, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 22-cv-2799-SMY |
| vs. | )<br>) |
| ARMY AND AIR FORCE EXCHANGE, | )<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Linda Thompson filed the instant putative class action in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois against Defendant Army and Air Force Exchange ("AAFES"), an instrumentality of the United States Army and United States Air Force within the Department of Defense. Thompson claims that the AAFES violated the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681g(c)(1), by printing the expiration dates of Thompson's credit card on sales receipts provided at an AAFES store on Scott Air Force base. AAFES removed the case to this Court under the federal agency removal statute, 28 U.S.C. § 1442(a)(1) (Doc. 1).

The case is now before the Court for consideration of Thompson's Motion to Remand (Doc. 12) and AAFES' Motion to Dismiss (Doc. 13)[1]. Thompson contends that AAFES cannot meet its burden of establishing that this Court has subject matter jurisdiction over her FACTA claims. AAFES concedes that this Court lacks subject matter jurisdiction but argues that the case

---

[1] While the time for Thompson to respond to AAFES' motion to dismiss has not passed, that motion is essentially AAFES' response to Thompson's motion to remand.

must be dismissed rather than remanded. For the following reasons, the motion to remand is **DENIED** and the motion to dismiss is **GRANTED**.

## Background

Thompson makes the following relevant allegations in the Complaint (Doc. 1-1): On February 7, 2022 and August 5, 2002, Thompson used her personal credit card to make a purchase at the Exchange food court at Scott Air Force Base, Building 1981. On both occasions, the cashier provided her with a printed receipt that showed her credit card's expiration date. AAFES knowingly or recklessly failed to comply with the requirements of the Fair and Accurate Credit Transaction Act (FACTA) (a 2003 amendment to the FCRA) which provides that "[n]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1). The printing of credit and debit card expiration dates on sales receipts injured Thompson and potential class members. Specifically, this practice:

> violat[ed] [her and putative plaintiffs'] FACTA right to not have their private credit and debit card information disclosed on their receipts where an identity thief could find it, exposure to an increased risk of identity theft, breach of their confidence in the safe handling of their account information, invasion of privacy as a result of the disclosure of their account information to those of AAFES's staff or agents who handled the receipts, exposure to an increased risk of identity theft, and being forced to bear the burden of keeping or destroying the receipt to prevent further disclosure of their account information.

Thompson seeks statutory damages, attorney's fees, litigation expenses, and costs of the suit.

## Motion to Remand

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Pursuant to 28 U.S.C. § 1442(a)(1), a civil action initiated in state court "that is against or directed to…[t]he United States or any agency thereof…for or relating to any act under color of such office" may be removed to federal court. 28 U.S.C. § 1442(a)(1). Removal under § 1442(a)(1) is an absolute right "whenever a suit in a state court is for any act under color of federal office regardless of whether the suit could originally have been brought in a federal court. *Willingham v. Morgan*, 395 U.S. 402, 406 (1969).

Relying primarily on *Ruppel v. CBS Corp.*, 701 F.3d 1176 (7th Cir. 2012), which cites *Mesa v. California*, 489 U.S. 121, 132-34 (1989), Thompson asserts the AAFES' removal petition is insufficient because it does not address § 1442(a)(1)'s requirements.[2] Specifically, she argues that remand is appropriate because the AAFES fails to establish any plausible federal defense to her FACTA claims – a requirement for removal. The Court disagrees.

Neither *Ruppel* nor *Mesa* involved an action against the United States; the removing parties were individuals. And, at the time *Mesa* was decided, § 1442(a) identified two groups of individuals able to remove a case to federal court: (a) any officer of the United States or of an agency of the United States; and (b) any person acting under such officer. *See Mesa*, 489 U.S. at 133. Congress subsequently amended § 1442(a) in 1996 to specifically allow removal by "the United States or any agency thereof." Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847, 3850 (1996). Thus, a plain reading of the current statute establishes that removal is appropriate when a civil action is initiated in state court against the United States or an agency of the United States. No additional requirements, such as a plausible defense, are necessary. *See City of Cookeville, Tenn. V. Upper Cumberland Elec. Membership Corp.*, 484 F.3d

---

[2] Requiring a defendant to prove it was a (1) person (2) acting under the United States, its agencies, or its officers (3) that has been sued for or relating to any act under color of such office, and (4) has a colorable federal defense to the plaintiff's claim. *See Ruppel*, 701 F.3d at 1180-81 (citing *Mesa v. California*, 489 U.S. 121, 132-34 (1989)).

380, 389-90 (6th Cir. 2007) (holding that the United States and its agencies may remove under § 1442(a)(1) regardless of whether they assert a colorable federal defense or act under color of office).

Here, it is undisputed that the AAFES is a joint non-appropriated fund instrumentality of the United States Army and United States Air Force within the Department of Defense and is a recognized agency of the United States. *See Army and Air Force Exchange Service v. Sheehan*, 456 U.S. 728, 733-34 (1982) ("The AAFES, like other military exchanges, is an 'ar[m] of the government deemed by it essential for the performance of governmental functions … and partake[s] of whatever immunities it may have under the constitution and federal statutes.'" (quoting *United States v. Mississippi Tax Comm'n*, 421 U.S. 599, 606 (1975))). As such, removal was proper under § 1442(a)(1). Thompson's Motion to Remand is therefore **DENIED**.

**Motion to Dismiss**

Having established that removal was proper pursuant to § 1442(a)(1), the AAFES asserts that the Court lacks subject matter jurisdiction over this action and moves to dismiss Thompson's Complaint under *F.R.C.P.* 12(b)(1). More specifically, the agency argues that dismissal is warranted because Thompson has not suffered a concrete injury sufficient to confer Article III standing.[3] Citing *Meyers v. Nicolet Restaurant of De Pere, LLC*, 843 F.3d 724, 728-29 (7th Cir. 2016) (holding that "without a showing of injury apart from the statutory violation, the failure to truncate a credit card's expiration date is insufficient to confer Article III standing"), Thompson concedes that her FACTA allegations do not trigger Article III standing because she has not

---

[3] Article III standing requires: (1) that the plaintiff suffered an injury in fact – an invasion of a legally protected interest which is concrete and particularized and actual or imminent – not conjectural or hypothetical; (2) that there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant; and (3) that it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 574 (1992); *Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 289 (7th Cir. 2016).

suffered a concrete and particularized injury. However, she cites numerous cases in which courts have remanded FACTA cases and argues that remand rather than dismissal is required.

Not all removal statutes are created equal. None of the cases cited by Thompson involve claims asserted against federal agencies or were removed under § 1442(a)(1). Because § 1442 creates an "absolute right" to proceed in federal court, a finding that the plaintiff lacks standing does not render removal improper. The provision itself grants independent jurisdictional grounds which cannot be defeated by remand. *See Maine Ass'n of Interdependent Neighborhoods v. Petit*, 644 F.Supp. 81, 84 (D. Me. 1986). Therefore, once a case is properly removed pursuant to § 1442(a)(1), dismissal is appropriate if the court lacks subject matter jurisdiction due to plaintiff's lack of standing. *See Tyus v. United States Postal Serv.,* 2017 WL 52609, at *5 (E.D. Wis. Jan. 4, 2017) (collecting cases); *see also Meyers*, 843 F.3d. 728.

## Conclusion

For the foregoing reasons, Plaintiff Linda Thompson's Motion to Remand (Doc. 12) is **DENIED** and Defendant Army and Air Force Exchange Service's Motion to Dismiss (Doc. 13) is **GRANTED**. This case is **DISMISSED without prejudice** for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED: January 19, 2023

**STACI M. YANDLE**
**United States District Judge**