IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LINDA THOMPSON, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 22-cv-2799-SMY<br>)<br>) |
| ARMY AND AIR FORCE EXCHANGE, | )<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Linda Thompson filed the instant putative class action in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois against Defendant Army and Air Force Exchange ("AAFES"), an instrumentality of the United States Army and United States Air Force within the Department of Defense. After removal, AAFES moved to dismiss (Doc. 13), and Thompson moved to remand (Doc. 12). The Court denied the motion to remand and granted the motion to dismiss (Doc. 17). The case is now before the Court for consideration of Thompson's Motion to Alter Judgment (Doc. 18). For the following reasons, the motion is **DENIED.**

A motion filed after judgment has been entered can be analyzed either under Rule 59(e) or under Rule 60(b) of the Federal Rules of Civil Procedure. When a substantive motion is filed within twenty-eight (28) days of entry of judgment or order, courts generally construe it as a motion pursuant to Rule 59(e). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). As Thompson's motion was filed within 28 days after the entry of the Court's order dismissing the case, it will be analyzed under Rule 59(e).

Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly establish[es] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.,* 698 F.3d 587, 598 (7th Cir. 2012) (quoting *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006)). The rule "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996). A proper motion to reconsider does more than take umbrage and restate the arguments that were previously made and rejected. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006).

Relying on the reasoning in *City of Cookeville, Tenn. V. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 389-90 (6th Cir. 2007), this Court held that a plain reading of the current federal officer removal statute establishes that removal is appropriate when a civil action is initiated in state court against the United States or an agency of the United States; no additional requirements, such as a plausible defense, are necessary. The Seventh Circuit has not squarely addressed the issue, and Thompson, citing *Hammer v. United States HHS*, 905 F.3d 517, 535 (7th Cir. 2018), argues that a plausible defense is a requirement of removal.

In *Hammer*, the Seventh Circuit addressed whether a motion for declaratory relief brought in state court seeking an order that the Department of Health and Human Services ("HHS") violated the state court's liquidation order was a "civil action" that could be removed pursuant to § 1442(a)(1). *See Hammer*, 905 F.3d at 522-23, 525-26. After the case was removed from state court, HHS timely moved for dismissal under the derivative jurisdiction doctrine, and the plaintiff moved to remand the case back to state court. *Hammer*, 905 F.3d at 524. The district court remanded the case for lack of removal jurisdiction under § 1442, but the Seventh Circuit reversed, holding that the district court had removal jurisdiction and should not have remanded this case to

state court. *Id.* at 535. *Hammer* did not address whether a federal agency removing a case must plead a colorable defense – that issue was not before the court. The Seventh Circuit noted only that HHS had raised a colorable defense in that case.

The Court finds the reasoning in *Cookeville* persuasive. However, even if a colorable defense is required for a federal agency to remove under § 1442, AAFES asserted sovereign immunity and lack of standing. "In construing the colorable federal defense requirement, courts have rejected a 'narrow, grudging interpretation' of the statute." *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431 (1999). Rather, to be "colorable", the defense does not need to be 'clearly sustainable,' as the purpose of the statute is to secure that the validity of the defense will be tried in federal court. *Ruppel v. CBS Corp.,* 701 F.3d 1176, 1182 (7th Cir. 2012).

Upon review of the record, the Court remains persuaded that its ruling granting dismissal was correct. Given that removal was proper, dismissal was appropriate because the court lacked subject matter jurisdiction due to Thompson's lack of standing. Accordingly, Thompson's motion is **DENIED.**

**IT IS SO ORDERED.**

**DATED:  June 29, 2023**

**STACI M. YANDLE**
**United States District Judge**